IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RIGOBERTO SANCHEZ, | : | CRIMINAL NO. |
| Movant, | : | 1:07-CR-0412-CAP-GGB-10 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:10-CV-2938-CAP-GGB |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | MOTION TO VACATE |
| | : | 28 U.S.C. § 2255 |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Movant, Rigoberto Sanchez, has filed a motion to vacate sentence under 28 U.S.C. § 2255. [Doc. 892]. Presently before the Court for consideration are Movant's § 2255 motion to vacate [Doc. 892] and the United States of America's (hereinafter "Government's") response to the motion to vacate [Doc. 901].[1]

I. Background

On February 12, 2008, a grand jury sitting in the Northern District of Georgia returned a superseding indictment charging Movant, along with 21 other co-conspirators, with drug trafficking and money laundering offenses. [Doc. 221]. Specifically, Movant was charged with: (1) conspiring to possess with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii)(II) (Count

---

[1]The Government's motion for an extension of time to file its response [Doc. 899] is **GRANTED** nunc pro tunc, and the response shall be deemed properly filed.

One); (2) two substantive counts of possession with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii)(II) (Counts Four and Five); conspiring to launder money, in violation of 18 U.S.C. §§ 1956(a)(2)(A) and (h) (Count Seven); and (4) one substantive count of money laundering, in violation of 18 U.S.C. § 1956(a)(2)(A) (Count Ten). [Id.].

On December 4, 2008, on the morning of the scheduled trial, Movant entered a non-negotiated plea of guilty to the money laundering charges in Counts Seven and Ten. [Doc. 569]. Shortly thereafter, a jury was selected and trial commenced on Movant's remaining drug offenses. [Doc. 717]. On December 15, 2008, a jury returned a guilty verdict on Counts One and Five, and a verdict of acquittal on Count Four. [Doc. 592, 600].

On March 4, 2009, the Court conducted a sentencing hearing. [Docs. 644, 647]. After hearing argument on Movant's objections, the Court sentenced Movant to 292 months of imprisonment for the drug offenses and 240 months for the money laundering offenses, to run concurrently, and five years of supervised release. [Doc. 647, 726].

Movant timely filed a notice of appeal. [Doc. 669]. In his appeal, Movant raised the following issues:

1.  the trial court erred in allowing the Government to introduce irrelevant and unfairly prejudicial extraneous offense evidence at trial which resulted in a misjoinder of conspiracies;

2.  the evidence and argument at trial - of one single, overarching conspiracy - was a fatal variance from the offenses Movant was actually charged with- two different, or multiple, conspiracies;

3.  the trial court erred by not requiring the Government to timely produce Rule 16 discovery as to the underlying data and bases for the testimony of their experts, thereby denying Movant the effective representation of counsel, the right to effective cross-examination, and the right to present evidence under the Fifth and Sixth Amendments to the Constitution;

4.  the evidence was insufficient to convict Movant of Count Five;

5.  the trial court erred in denying Movant acceptance of responsibility where the evidence adduced and argued by the Government at trial was of a single conspiracy with multiple objects;

6.  the trial court erred in denying Movant a downward adjustment for his minor role in the offense; and

7.  the sentence imposed by the Court was unreasonable under the 18 U.S.C. § 3553(a) factors.

Sanchez v. United States, No. 09-11186-CC, 2009 WL 5408414 (11th Cir. June 15, 2009).

On March 17, 2010, the United States Court of Appeals for the Eleventh Circuit affirmed Movant's convictions and sentence. United States v. Chapman, 356 F. App'x 361 (11th Cir. 2009); [Doc. 871].

3

On September 13, 2010, Movant filed the instant motion to vacate sentence under 28 U.S.C. § 2255. [Doc. 892]. In his motion, Movant raises the following two grounds for relief:

1. this Court did not have jurisdiction to hear Movant's case because the statute relied on by the Court for subject matter jurisdiction, Title 18 U.S.C. § 3231, never passed both houses of Congress in 1948; and

2. this Court "failed to take into account the consequence of the sentence of deportation as a 3553(a) factor."

[Doc. 892 at 4-5].

II.   Standard of Review

Under § 2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." Hill v. United States, 368 U.S. 424, 426-27 (1962); see generally United States v. Hayman, 342 U.S. 205 (1952). "To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). Movant must establish that the

4

facts surrounding his claim present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Bowen v. Johnston, 306 U.S. 19, 27 (1939).

This Court may deny § 2255 relief without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see Long v. United States, 883 F.2d 966, 968 (11th Cir. 1989). Under § 2255, however, an evidentiary hearing is required when the Court cannot determine from the record that the prisoner is entitled to no relief. United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988). As discussed below, the motion and record of the case conclusively show that Movant is not entitled to relief or to an evidentiary hearing.

III. Discussion

    A. This Court Did Not Lack Jurisdiction to Adjudicate Movant's Case.

In Ground One, Movant argues that this Court did not have subject matter jurisdiction because Title 18 U.S.C. § 3231 never passed both houses of Congress in 1948. [Doc. 892 at 4].

Movant's claim is without merit. Title 18 U.S.C. § 3231 provides this Court with subject matter jurisdiction over Movant's criminal violations. "The 1948

5

amendment to § 3231 passed both houses of Congress and was signed into law by President Truman on June 25, 1948.  Therefore, the amendments and statutes relied upon for jurisdiction . . . were properly enacted and are binding." United States v. Risquet, 426 F. Supp. 2d 310, 311 (E.D. Pa. 2006).  The claim raised by Movant has been considered and rejected by numerous courts.  See, e.g.,United States v. Potts, 251 F. App'x 109, 111 (3d Cir. 2007); Stewart v. United States, No. 1:04-CR-75-1-TWT, 1:04-CR-76-6-TWT, 2009 WL 909547, at *3-4 (N.D. Ga. April 2, 2009); United States v. Levi, Civil Action No. 1:07-cv-4521, 2007 WL 3408446, at *1-2 (E.D. Pa. Nov. 15, 2007); United States v. Boggs, Criminal Action No. 4-10, 2007 WL 433076, at *13 (E.D. Ky. Feb. 2, 2007); Lister v. United States, Criminal Action No. 3:03-CR-374-N, 2006 WL 3751324, at *1-2 (N.D. Tex. Dec. 20, 2006); Cullum v. Fox, Civil Action No. 1:06cv309, 2006 WL 3691170, at *1-2 (E.D. Tex. Dec. 11, 2006).  Therefore, Movant's first ground for relief is without merit.

    B.   The Court Need Not Consider Deportation as a Factor for Sentencing Under 18 U.S.C. § 3553.

Movant contends in his second ground for relief that this Court should have considered the deportation consequences when sentencing him to a custodial sentence of 292 months.  [Doc. 892 at 5].  In his claim, Movant refers to the Supreme Court's recent decision in Padilla v. Kentucky, ___ U.S. ___, 130 S. Ct. 1473 (March 31,

6

2010), and the sentencing factors set out in 18 U.S.C. § 3553(a). In <u>Padilla</u>, the Supreme Court held that counsel must inform a defendant whether his plea carries a risk of deportation. <u>Padilla</u>, 130 S. Ct. at 1486. However, <u>Padilla</u> is inapplicable here because Movant is a United States citizen. During the course of the jury trial, Movant's counsel stated that Movant is "an American citizen." [Doc. 717 at 21]. Further, during Movant's interview in conjunction with the preparation of his pre-sentence investigation report, Movant informed the U.S. probation officer that he was born in Los Angeles, California, on May 21, 1985. [Presentence Investigation Report, ¶ 129]. As a United States citizen, Movant is not subject to deportation. Therefore, deportation was not a consideration at sentencing, and Movant's second ground for relief fails.

IV. <u>Certificate of Appealability</u>

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the

7

district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Movant has failed to make a substantial showing of the denial of a constitutional right. Movant's two grounds for relief are clearly without merit. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

V. Conclusion

Based on the foregoing, **I RECOMMEND** that Movant Rigoberto Sanchez's motion to vacate sentence [Doc. 892] be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO ORDERED AND RECOMMENDED**, this 28th day of July, 2011.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)