# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **RIGOBERTO SANCHEZ,**<br>    **Movant,** | **CRIMINAL NO.**<br>**1:07-CR-412-10-CAP-GGB** |
| **v.** | **CIVIL ACTION NO.**<br>**1:10-CV-02938-CAP-GGB** |
| **UNITED STATES OF AMERICA,**<br>    **Respondent.** | **MOTION TO VACATE**<br>**28 U.S.C. § 2255** |

## FINAL REPORT AND RECOMMENDATION

Rigoberto Sanchez ("Movant") has filed an amended motion to vacate sentence

under 28 U.S.C. § 2255 [Doc. 925].[1] Movant seeks to challenge the constitutionality of

his 292-month sentence that was imposed on March 4, 2009, following his guilty plea

to Counts 7and 10 on December 4, 2008, [Doc. 569], and his jury trial and guilty verdict

on Counts 1 and 5, as entered on December 15, 2008 [Doc. 600]. Presently before the

---

[1]Movant filed a motion to vacate sentence under 28 U.S.C. § 2255 on
September 13, 2010 [Doc. 892]. I recommended that this motion be denied.
[Doc. 921]. Movant filed objections to my report and recommendation, and attached
an amendment to his original § 2255 motion, raising five additional grounds for relief.
[Doc. 923]. The district judge adopted my report and recommendation, denied the
original motion as to the two grounds for relief raised in it, directed the Clerk to file
the amendment, and referred the amendment to me for a report and recommendation.
[Doc. 924]. I directed the government to respond to the amendment [Doc. 930], and
it has done so [Doc. 932].

Court for consideration are: (1) Movant's § 2255 amended motion to vacate [Doc. 925]; and (2) the United States of America's (hereinafter "Government") response to the motion to vacate [Doc. 932].

## I.  BACKGROUND

Movant was charged with drug trafficking and money laundering offenses along with twenty-one other individuals. [Doc. 221]. Specifically, Movant was charged with: (1) conspiring to possess with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii)(II) (Count One); (2) two substantive counts of possession with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii)(II) (Counts Four and Five); conspiring to launder money, in violation of 18 U.S.C. §§ 1956(a)(2)(A) and (h) (Count Seven); and (4) one substantive count of money laundering, in violation of 18 U.S.C. § 1956(a)(2)(A) (Count Ten). [Id.]. During the relevant time period, Movant was represented by W. Sander Callahan.

Movant's trial began on December 3, 2008. At the beginning of the second day of trial, Movant indicated that he wished to enter a guilty plea to the money laundering counts of the indictment. [Doc. 778-3]. After the Government indicated that it would not dismiss the drug conspiracy and substantive counts, Movant and his counsel conferred

2

about how to proceed and then informed the district court that they wished to confer with the court outside the presence of the Government. [Id. at 4].

After Government counsel left the courtroom, a lengthy discussion between the court, counsel, and Movant ensued, wherein Movant indicated he was guilty of the money laundering charges, and that he also wished to plead guilty to the drug charges. [Id. at 5-17]. Movant's counsel told the court that he had "spent countless hours" discussing with Movant the legal issues involved with pleading guilty, testifying, and other matters related to whether or not Movant should go to trial. Counsel informed the court that Movant repeatedly told him that he did not know anything about the drugs. [Id. at 5].

When questioned by the court, Movant repeatedly stated he did not know that he had been involved with illegal drug activity, but that he nevertheless wanted to plead guilty to the drug charges and forego a trial. [Id. at 5, 12-19]. After a lengthy discussion, Movant said, "I want to say that yes, I did know about it [the drugs]." [Id. at 18]. However, because of Movant's repeated prior assertions that he did not know that his money laundering activities related to illegal drug activity, the district court declined to accept a guilty plea from Movant on the drug counts. The Court informed Movant that his case would proceed to trial on the drug charges. [Id.].

3

After the Court declined to accept Movant's guilty plea to the drug counts, Movant entered a plea of guilty to two counts of money laundering. [Id. at 20-36]. During the plea colloquy, the court asked Movant "Are you fully satisfied with your attorney, Mr. Callahan, his representation and the advice he has given you in this case?" To which Movant replied, "Yes." [Id. at 24]. Movant's counsel also indicated during the plea that Movant's money laundering conduct was related to "unspecified illegal activity." [Id. at 31]. The court also asked Movant if he and his attorney had discussed the penalties and the sentencing guidelines and how those might impact his case, and Movant confirmed they had. [Id. at 33-34]. Finally, Movant stated that he was "fully satisfied with [his] attorney, his representation and the advice he [had] given [Movant] in this case." [Id. at 35].

The case then proceeded to trial on the drug counts. Movant was convicted of conspiracy and one substantive drug count. [Doc. 592]. On March 4, 2009, Movant was sentenced to 292 months of imprisonment for the drug offenses and 240 months for the money laundering offenses, to run concurrently, followed by five years of supervised release. [Docs. 647, 726].

Additional facts are discussed in context below.

4

## II. DISCUSSION

In his amended § 2255 motion, Movant alleges that he received ineffective assistance of counsel in the following ways:

1. His attorney did not advise him of a plea offer;

2. His attorney did not explain the benefits of pleading guilty;

3. His attorney did not explain the benefits of pleading guilty and rendering cooperation to the Government;

4. His attorney did not explain the elements of the offense of conspiracy; and,

5. His attorney did not explain that he would forfeit a reduction for acceptance of responsibility by proceeding to trial. [Doc. 925-1-2]. Movant alleges that, had his attorney advised him and explained the matters to him, Movant would have entered a guilty plea and not proceeded to trial and, thus, he was prejudiced. [Id.].

The standard for evaluating ineffective assistance of counsel claims was set forth in Strickland v. Washington, 466 U.S. 668 (1984). Under the two-part Strickland standard, Movant "must show that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Next, Movant must prove "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. If either the

5

performance prong or the prejudice prong is not met, then the court need not consider the other, and the claim of ineffective assistance of counsel must fail. <u>Id.</u> at 687.

Here, Movant complains that his counsel's deficiencies resulted in Movant's going to trial rather than pleading guilty pursuant to a plea agreement.[2] Movant does not set forth the terms of any plea agreement, but states that if he had pleaded guilty, he would have received a three-point reduction in his guideline calculation for acceptance of responsibility. [Doc. 925 at 2].

Movant's arguments overlook the fact that the district court refused to accept a guilty plea from Movant to the drug offenses because Movant did not unambiguously admit his guilt to those offenses, not because of anything related to counsel's conduct.

_____

[2]The Supreme Court recently held oral argument on two cases that raised issues about plea offers and ineffective assistance of counsel: <u>Missouri v. Frye</u>, 311 S.W.3d 350 (Mo. Ct. App. 2010) <u>cert. granted</u>, 131 S. Ct. 856 (Jan. 7, 2011) (No. 10-444), and <u>Lafler v. Cooper</u>, 376 F. App'x 563 (6th Cir. 2010), <u>cert. granted</u>, 131 S. Ct. 856 (Jan. 7, 2011) (No. 10-209).

In both of these cases, the defendants received deficient advice from their trial attorneys about plea offers, which resulted in the clients' receiving longer sentences than they otherwise would have received. The Supreme Court is considering whether a defendant has a viable claim of ineffective assistance of counsel when he alleges that, but for counsel's error in failing to communicate a plea offer or giving poor advice to reject a plea offer, he would have pleaded guilty and received more favorable terms.

Regardless of their outcome, these Supreme Court cases will have no bearing on the instant case because it was not counsel's alleged deficient advice that caused a longer sentence but rather the Movant's ambivalence in acknowledging guilt, and the court's exercise of its discretion to decline to accept a guilty plea in that situation.

6

AO 72A
(Rev.8/82)

Thus, even in the unlikely event that Movant's counsel had failed to advise him of the plea agreement and the benefits it offered,[3] counsel's failure would be irrelevant; the Court would still have declined to accept the plea agreement because Movant did not admit his guilt.[4]

Thus, Movant fails to show prejudice under the second prong of <u>Strickland</u>, and his petition should therefore be denied.

## IV.  <u>CERTIFICATE OF APPEALABILITY</u>

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's

---

[3]During his guilty plea to the money laundering charges, Movant said that he was fully satisfied with the representation and advice Mr. Callahan had given him. Also, Mr. Callahan told the court that he had discussed the case extensively with Movant.

[4]A trial judge has the discretion to decline to accept a plea of guilty.  <u>North Carolina v. Alford</u>, 400 U.S. 25, 38 at n.11 91 S.Ct. 160, 168, n. 11 (1970)(citing and quoting Fed. Rule Crim. Proc. 11); <u>United States v. Cox</u>, 923 F.2d 519 (7th Cir. 1991). Movant makes no showing or allegation that the district judge abused his discretion in declining to accept a guilty plea to the drug counts.

7

assessment of his constitutional claims is debatable or wrong and that any dispositive

procedural ruling by the district court is likewise debatable. See <u>Miller-El v. Cockrell</u>,

537 U.S. 322, 336 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Movant has failed to make a substantial showing of the denial of a constitutional

right. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

## V. <u>CONCLUSION</u>

Based on the foregoing, **I RECOMMEND** that Movant's amended motion to

vacate sentence [Doc. 925] be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be

**DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 8th day of November, 2011.

GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)